**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JAMIAH ALEXANDER**                                                                                      **PLAINTIFF**

V.                                                                             CIVIL ACTION NO. 3:24-cv-65-DPJ-FKB

**FLETCHER COX,**
**TERESA LUCKETT, in her Individual and Official Capacity,**
**PAM MAY, in her Individual and Official Capacity,**
**JOSEPH HEAD, in his Individual and Official Capacity,**
**JACOB SHERIFF, in his Individual and Official Capacity,**
**JOHN DONALDSON, in his Individual and Official Capacity,**
**NOBLE BROOKS, JR., in his Individual and Official Capacity,**
**COUNTY OF YAZOO, MISSISSIPPI, AND JOHN DOES 1-10**
**DEFENDANTS**

**COMPLAINT**

**(TRIAL JURY DEMANDED)**

**COME NOW** Plaintiff, Jamiah Alexander, by and through counsel, and files this complaint against Fletcher Cox, in his individual and official capacity; Teresa Luckett, in her individual and official capacity; Pam May, in her individual and official capacity; Joseph Head, in his individual and official capacity; Jacob Sheriff, in his individual and official capacity; John Donaldson, in his individual and official capacity; Noble Brooks, Jr., in his individual and official capacity; County of Yazoo, Mississippi; and John Does 1-10 (collectively referred to as "Defendants") and in support would show the following:

**JURISDICTION AND VENUE**

1. This suit is authorized pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(a)(3), and 42 U.S.C. Section 1983. Additionally, this complaint includes any and all state law claims pled herein below for which jurisdiction and venue are attached.

2. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1

3. Venue is proper pursuant to 28 U.S.C. Section 1391(b)(2). A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

4. Plaintiff is an adult resident of Yazoo County, Mississippi and can be reached through undersigned counsel.

5. Fletcher Cox ("Defendant Cox") is player in the National Football League ("NFL") who is believed to be an adult resident of Mississippi and may be served at 112 Honours Drive, Madison, Mississippi, or where he may be found.

6. Teresa Luckett ("Defendant Clerk Luckett") was employed with Yazoo County Justice Court, as Deputy Clerk at the time of the subject incident. Defendant Clerk Luckett is an adult resident of Mississippi and may be served with process at 211 East Broadway Street, Yazoo City, Mississippi 39194 or when she may be found.

7. Pam May ("Defendant Judge May") is employed with Yazoo County, Mississippi as a County Justice Court Judge. Defendant Judge May is an adult resident of Mississippi and may be served with process at her place of employment, 211 East Broadway Street, Yazoo City, Mississippi 39194.

8. Joseph Head ("Defendant Chief Head") was/is employed with the County of Yazoo, Mississippi at the time of the subject incident. Defendant Chief Head is an adult resident of Mississippi and may be served with process where he may be found.

9. Jacob Sheriff ("Defendant Sheriff") was/is employed with Yazoo County, Mississippi as Sheriff. Defendant Sheriff is an adult resident of Yazoo County, Mississippi and may be

served with process at his place of employment, 211 East Broadway Street, Yazoo City, Mississippi 39194 or where he may be found.

10. John Donaldson ("Defendant Prosecutor Donaldson") was employed with Yazoo County, Mississippi as the County Prosecuting Attorney at the time of the subject incident. Defendant Prosecutor Donaldson is an adult resident of Mississippi and may be served with process where he may be found.

11. Noble Brooks, Jr. ("Defendant Investigator Brooks") was/is employed with Yazoo County, Mississippi as an investigator/detective with the Yazoo County Sheriff's Office. Defendant Investigator Brooks is an adult resident of Mississippi and may be served with process where he may be found.

12. County of Yazoo, Mississippi ("Defendant County") is a county entity that may be served with process to County Prosecutor Erica Hamer Yazoo City, Mississippi 39194.

13. John Does 1-10 are those individuals or entities, which are agents or work in partnership with Defendants and, upon information and belief, are in Mississippi. These Defendants are presently unknown who/which caused or substantially contributed to the damages of Plaintiff. Said unknown Defendants will be identified when their identities become known to Plaintiff.

**AMOUNT IN CONTROVERSY**

14. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. Plaintiff seeks punitive damages against Defendants. "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction."[1]

---

[1] *Walker v. Scales*, No. 1:13CV227, 2014 WL 670216 (N.D. Miss. Feb. 20, 2014); *Montgomery v. First Family Fin. Serv. Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) *Brasell v. Unumprovident Corp.*, 2:01CV202-D-B, 2001 WL

3

## NOTICE OF CLAIM

16. All Defendants that may be subject to Notice of Claim §11-46-11 was put on Notice by Certified Mail and Via Facsimile ON 10/31/2023.

## **FACTS**

17. On or about, June 18, 2021, Defendant Cox orchestrated and conspired with Defendant Clerk Luckett, Defendant Judge May, Defendant Chief Head, Defendant Sheriff, Defendant Prosecutor Donaldson, and Defendant Investigator Brooks (collectively referred to as "Defendant Officers") to have Plaintiff arrested, charged and convicted of telephone harassment and felonious extortion.

18. Defendants' actions intended to threaten, intimidate, and harass Plaintiff as Plaintiff possessed evidence of over a yearlong sexual relationship with Defendant Cox. Plaintiff possessed photos and text messages that Defendant Cox was afraid would be revealed to his NFL teammates, coach, in addition to Defendant Cox's girlfriend.

19. After engaging in a back-and-forth argument with Plaintiff via text messaging and phones calls, Defendant Cox used his likeness, wealth, and influence as a revered NFL player in Yazoo County, Mississippi to file phone harassment charges against Plaintiff.

20. Phone records reveal that the contact was consensual (back and forth), and Defendant Cox contacted Plaintiff as many times as Plaintiff contacted Defendant Cox in that back and forth.

21. Due to Defendant Cox's relationship and with the assistance of Defendant Chief Head, Defendant Brooks, and Defendant Sheriff, Defendant Cox was able to file a fraudulent

---

1530342, at *2 (N.D. Miss. Oct. 25, 2001) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Myers v. Guardian Life Ins. Co. of America, Inc.*, 5 F. Supp. 2d 423, 428-429 (N.D. Miss. 1998); *Marcel v. Poole Co.*, 5 F.3d 81, 84- 85 (5th Cir. 1993); *Allstate Ins. Co. v. Hilben*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)).

affidavit for telephone harassment with not one shred of evidence to support such affidavit, with Defendant Luckett conspiring and assisting Mr. Cox, which secured the arrest of Plaintiff by two unidentified officers which came to the home of her mother to arrest her immediately on June 21, 2021. Defendant Cox with the assistance of Defendant Head advised that I turn over the phone, which stored evidence Defendant Cox believed would embarrass him.

22. Defendant Cox used his likeness as an NFL player and revered wealthy star in Yazoo County, Mississippi to ensure that Plaintiff had a criminal record, which jeopardized Plaintiff's career as a nurse, as well as future aspirations as a writer and public speaker. §Plaintiff speaking engagement was cancelled as a result of Mr. Cox influence citing Plaintiff as a security risk.

23. It is well documented that Defendant Cox knew it was never Plaintiff's intent to extort Defendant Cox. It is well documented that Defendant Cox knew Plaintiff never asked Defendant Cox for anything in order for Plaintiff to not reveal their sexual relationship.

24. It is well documented that Defendant Cox and Prosecutor Donaldson knew any gifts or requests made by Plaintiff were within the parameters of their relationship and not an attempt of Plaintiff to threaten or extort Defendant Cox.

25. Prosecutor Donaldson, to get in the good graces of Defendant Cox then conspired to have felonious extortion charges brought under MS Code §97-3-82 without one shred of evidence to support these felonious charges. This is supported by the fact that Plaintiff was not indicted.

26. The actions of Defendants, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. A criminal record and the loss of her career as a nurse.

27. All Defendants but specifically Defendant Donaldson had actual, subjective awareness of the risk, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

28. As a result of the foregoing, Plaintiff suffered damages as outlined below.

## CAUSES OF ACTION

### COUNT I

**(Violation of Fourth, Fifth, and Fourteenth Amendments of the United States Constitution under 42 U.S.C. Section 1983 and 23 U.S.C. Section 1343 et al.)**

29. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

30. Acting under the color of law, Defendants conduct denied Plaintiff's rights, privileges, and immunities secured by the United States Constitution and federal law.

31. Defendants Officers deprived Plaintiff of her liberty, without due process, by taking her into custody and holding her against her will.

32. Defendant Donaldson conspired for the purpose of impeding and hindering the due course of justice with intent to deny Plaintiff equal protection of the law and to falsely prosecute Plaintiff.

33. Defendant Officers refused or neglected to prevent the same thereby depriving Plaintiff of her rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

34. Plaintiff sustained damages as a result of Defendants aforementioned conduct.

### COUNT II

**(Deprivation of rights under 42 U.S.C. Section 1983)**

35. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

36. The conduct Defendant Officers are subject to 42 U.S.C. Section 1983.

37. At all times relevant, Defendant Officers acted under the direction and/or control of Defendant Cox.

38. Defendant Officers unlawfully and maliciously harassed Plaintiff and deprived Plaintiff of her constitutional and statutory rights, privileges, and immunities.

39. Defendant Officers conspired to violate the rights, privileges, and immunities guaranteed to Plaintiff by the United States Constitution and laws of the United States and the laws of the State of Mississippi.

40. Defendant Officers had reckless disregard for the rights of Plaintiff.

41. Plaintiff sustained damages as a result of Defendant Officers aforementioned conduct.

COUNT III

**(Negligent/Intentional Infliction of Emotional Distress)**

42. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

43. Defendants' conduct was a substantial factor in causing Plaintiff's emotional distress, including but not limited to nervousness, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable with which to cope.

COUNT IV

**(Abuse of Process)**

44. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

45. Defendants acted with malice and conscious disregard for the rights of Plaintiff in that their ulterior purpose in misusing the legal process was to severely harm Plaintiff.

46. When Defendant Officers attempted to confiscate the Plaintiffs cell phone by threatening her with arrest and prosecution. Instead of getting a warrant for the phone.

47. Plaintiff sustained damages as a result of Defendants' aforementioned conduct.

## COUNT V

### (Common Law of Tort Outrage)

48. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

49. Defendants' overall conduct was so outrageous that it shocks the moral and legal conscience of the community. This outrageous conduct resulted in Plaintiff's damages.

50. As a direct and proximate consequence of the outrageous conduct of Defendants, Defendants are jointly and severally liable to Plaintiff for such outrageous conduct.

51. Thus, Plaintiff is entitled to a money judgment against Defendants who engaged in or contributed to or otherwise facilitated through acts of omission or commission such outrageous conduct toward Plaintiff.

## COUNT VI

### (Reckless Disregard for the Rights of Plaintiff)

52. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

53. The act(s) and/or omission(s) of Defendant Officers constitute a reckless disregard for the rights of Plaintiff. Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable person can certainly conclude that these act(s) and/or omission(s) were carried out without any regard as to their effects. Therefore, the act(s) and/or omission(s) constitutes a reckless disregard for the rights of Plaintiff as defined under Mississippi law.

54. The act(s) and/or omission(s) of Defendant Officers were a proximate cause as to

Plaintiff's damages suffered by the Plaintiff.

## COUNT VII

### (Respondeat Superior)

55. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

56. Defendant Officers were in the course and scope of their employment with Defendant City, at all relevant times immediately subsequent and preceding the incident in question, and therefore, Defendant County is liable for the negligence of Defendants.

## COUNT VIII

### (Negligence/Gross Negligence)

57. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

58. As a direct and proximate cause of Defendants' negligent, grossly negligent, and/or reckless acts and/or omissions, Plaintiff sustained damages.

59. Defendants' grossly negligent conduct rises to the level of willful, wanton, and reckless disregard for the rights, safety, and well-being of Plaintiff, sufficient to warrant an award of punitive damages.

## DAMAGES

60. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

61. As a direct and proximate consequence of the subject incident, Plaintiff was caused to suffer injuries and damages.

62. Plaintiff's injuries and damages include at least the following:

    a. Pain and suffering;
    b. Trauma;
    c. Emotional trauma shock and stress;

    d. Emotional distress and mental anguish which Plaintiff suffered, suffer, and will continue to suffer;

    e. Lost wages;

    f. Loss of enjoyment of life; and

    g. Unspecified damages.

63. Compensatory Damages

    h. Plaintiff has suffered and continues to suffer from the multiple causes of action listed above stemming from the actions and failures of Defendants.

64. Punitive Damages

    i. Defendants' grossly negligent conduct rises to the level of willful, wanton, and reckless disregard for the rights, well-being, and safety of Plaintiff.

    j. For that, Plaintiff is entitled to punitive damages in addition to its compensatory damages such that Defendants would be deterred from such unconscionable conduct in the future.

## ATTORNEY FEES AND OTHER REASONABLE COSTS

65. Plaintiff should be reimbursed for all the costs and fees with the enforcement of this lawsuit, including all reasonable fees for her attorneys and other costs and expenses associated with this lawsuit.

## PRE AND POST JUDGMENT INTEREST

66. Pre and post judgement interest should be properly assessed against Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the court adjudge that Defendants caused Plaintiff's injuries and damages due to the foregoing actions, and should award

Plaintiff with compensatory and punitive damages, together with reasonable attorney's fees, costs of court and legal interest, and for such other relief as this Court may deem just and proper.

                        Respectfully submitted,
                        **JAMIAH ALEXANDER**

BY:   /s/ Tiffany Horton-Williams
        Tiffany Horton-Williams MS Bar #105269
        Horton-Williams Law Firm
        P.O. Box 720653 Byram, MS 39272
        Tel: 769-251-5785
        Fax: 769-251-5152
        Email: attyhortonwilliams@gmail.com